**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine M. Johnson, | No. CV-12-0732-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Commissioner of Social Security, | |
| Defendant. | |

Before the court is plaintiff's opening brief (doc. 14), defendant's response (doc. 15), and plaintiff's reply (doc. 16).

**I.**

This case arises from the denial of plaintiff's application for disability insurance benefits by the Social Security Administration.  Plaintiff filed her application for benefits alleging a disability onset date of August 1, 2005, due to fibromyalgia, degenerative disc disease and cognitive impairment, with symptoms including pain, fatigue, difficulty sleeping, and memory problems.  After a hearing on July 13, 2010, the administrative law judge (ALJ) issued a decision denying benefits.  The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review under 42 U.S.C. § 405(g).

1    A district court may set aside a denial of benefits "only if it is not supported by

2  substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954

3  (9th Cir. 2002).  Substantial evidence is "relevant evidence which, considering the record as

4  a whole, a reasonable person might accept as adequate to support a conclusion.  Where the

5  evidence is susceptible to more than one rational interpretation, one of which supports the

6  ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

7    The ALJ determined that plaintiff has the residual functional capacity for a reduced

8  range of light work, and that she retains the capacity to perform her past relevant work as a

9  health unit coordinator, classified as light, semi-skilled work.  Tr. 30-31.  Accordingly, the

10  ALJ concluded that plaintiff is not disabled and denied benefits

11    Plaintiff argues on appeal that the ALJ erred by (1) finding that her mental impairment

12  is not "severe," (2) rejecting her treating physician's opinion, and (3) rejecting her subjective

13  complaints of disabling symptoms.

14                                             **II.**

15    At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff

16  has severe impairments including fibromyalgia, hypertension, lumbar spondylosis, and

17  degenerative disc disease.  Tr. 26.  Plaintiff argues that the ALJ erred in concluding that she

18  does not also have a "severe" mental impairment, as that term is defined in the regulations.

19    Pursuant to 20 C.F.R. § 404.1520(c), an impairment is "severe" if it "significantly

20  limits [a claimant's] physical or mental ability to do basic work activities."  The ALJ noted

21  that plaintiff's medical records document the existence of a mood disorder, but he concluded

22  that it is not "severe" because it does not result in a significant limitation of functioning.  Tr.

23  26.

24    Citing the findings by psychological examiner Marcel Van Eerd, Psy. D., the ALJ

25  found that plaintiff does not have limitation in the areas of attention, concentration, memory,

26  social interaction, or adaptation.  Tr. 27 (citing Tr. 507-14).  The ALJ noted that Dr. Van

27  Eerd's opinion is consistent with that of a state agency reviewing physician, who opined that

28  claimant's mental impairment does not cause any limitations in plaintiff's daily activities,

social functioning, concentration, persistence or pace, with no episodes of decompensation. Tr. 525.

Plaintiff focuses upon discrete phrases used in Dr. Van Eerd's statement, such as "borderline," "below average," and "simple tasks," in an effort to mischaracterize Dr. Van Eerd's findings. Dr. Van Eerd recognized that plaintiff has a "below average ability" with "hand-eye coordination and/or short term memory, " Tr. 510, and is in the "borderline range" for "working memory," Tr. 511, but these findings do not dictate functional limitations. To the contrary, Dr. Van Eerd also found that plaintiff presents with general memory in the "average range," she has a "good response" to informational questions and vocabulary with an "average response" for "verbal reasoning, verbally presented math problems, rote memory and comprehension of social situations." Tr. 510. Dr. Van Eerd found that plaintiff has an "average ability" as to nonverbal inductive reasoning, with a "very good" response in determining whole situation from observed cues." She has a "good basic ability" to understand and remember simple tasks, and she provided "quick, rapid and accurate responses" to informational questions and basic instructions. Tr. 513. Dr. Van Eerd specifically concluded that plaintiff was able to "maintain attention and concentration to meet instructions and sustain normal routines with good cognitive capacity." Tr. 513. Plaintiff again misconstrues Dr. Van Eerd's conclusions, arguing that Dr. Van Eerd "opine[d] to a maximum residual functional capacity and limits [plaintiff] to 'simple' tasks." Reply Brief at 3. This is not a fair characterization. Dr. Van Eerd stated that plaintiff has a "good basic ability to understand and remember simple tasks." This does not indicate that she can *only* perform simple tasks.

Because the ALJ reasonably found that plaintiff's mental impairment does not significantly limit her ability to perform basic work activities, we conclude that the ALJ properly determined that plaintiff does not have a "severe" mental impairment.

**III.**

Plaintiff next contends that the ALJ erred in discounting her subjective complaints of disabling symptoms. When evaluating the credibility of subjective complaints, the ALJ must

first consider whether there is an underlying medical impairment that could reasonably be expected to produce the claimant's pain or other symptoms.  If an underlying impairment is shown, and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms by giving "specific, clear and convincing reasons for the rejection."  Chaudhry v. Astrue, 688 F.3d 661, 670-71 (9th Cir. 2012).  An ALJ may consider a claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the subjective complaints.  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ found that plaintiff's work history detracted from her credibility.  The record showed that plaintiff did not work from 1980 to 1990, and sparse earnings thereafter, raising the question as to whether her continuing unemployment was actually due to medical impairments.  The ALJ also found inconsistencies in plaintiff's reported complaints.  For example, plaintiff reported severe memory loss such that she cannot sustain or remember training for any employment position, including those performed in the past, Tr. 52-53, and she cannot remember things from two days ago, Tr. 48.  The ALJ noted, however, that plaintiff stated that she does not need special reminders to take her medication or care for her personal needs, and she has no difficulty remembering doctors' appointments.  Tr. 29-30.  The ALJ also found that plaintiff's subjective complaints of memory loss were inconsistent with the fact that she rarely complained of these symptoms to her physicians and did not seek the assistance of a specialist.  The ALJ further found that plaintiff's subjective complaints of pain were undermined by her reports to physicians that the medications controlled her symptoms "fairly well."  Tr. 30.  See, e.g., Tr. 220, 408, 429.  In addition, in March 2010, treatment notes indicated that plaintiff complained that her "fibromyalgia pain has actually been exacerbated for the past few weeks," but she has not taken anything for pain.  Tr. 621.  Finally, the ALJ found that plaintiff's subjective complaints are undermined by her activities of daily living.  She stated that she prepares her own meals, loads the dishwasher, does

laundry, shops for groceries, manages her own personal care, takes care of her dogs, and traveled to California and went surfing.  The ALJ noted that although plaintiff testified that she cannot stand long enough to take a shower, she is able to go on short shopping trips.

We conclude that the ALJ has given sufficiently specific, clear and convincing reasons to discount plaintiff's subjective complaints of disabling symptoms.

**IV.**

Finally, plaintiff argues that the ALJ erred in discounting the opinion of plaintiff's treating physician, Dr. Vosler.  An "ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'  Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"  Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).  Opinions on the issue of "disability" are reserved to the Commissioner.  20 C.F.R. § 404.1527(d).

Dr. Vosler submitted two assessments of plaintiff's inability to perform work-related activities, one in June 2009 and the other in July 2010.  The second assessment was rendered after the date plaintiff was last insured and therefore is not relevant to this assessment.  See 42 U.S.C. § 423(c)(1); see also 20 C.F.R. §§ 404.130, 404.315(a).  Nevertheless, the ALJ considered both of the assessments and determined that they are entitled to "little weight." Tr. 29.

Dr. Vosler concluded that plaintiff cannot work 8 hours a day, 5 days a week on a consistent basis.  Tr. 612, 752.  He opined that plaintiff can sit for less than two hours a day, carry less than 10 pounds, and lift less than 20 pounds, and that she is subject to environmental limitations.  Dr. Vosler also found that plaintiff's associated symptoms of pain, fatigue, dizziness and memory problems imposed moderate limitations.  Tr. 613, 753.

The ALJ discounted Dr. Vosler's opinion because (1) it is not supported by objective findings, (2) the restrictions of sitting, standing and walking for less than two hours per day are not consistent with the treatment records, (3) Dr. Vosler never treated plaintiff for

memory problems, and no test supports his opinion, and (4) Dr. Vosler relied heavily on the plaintiff's subjective allegations, which the ALJ concluded were not fully credible.

Although plaintiff argues that the ALJ was precluded from relying on objective medical evidence to refute Dr. Vosler's opinion because she has fibromyalgia, the diagnosis and treatment of which are based almost entirely on subjective evidence, Brief at 12-17, a diagnosis of fibromyalgia alone is not sufficient to prove disability. Fibromyalgia is not necessarily disabling. See Estok v. Apfel, 152 F.3d 636, 640 (7th Cir. 1998).

We conclude that the ALJ gave sufficiently specific and legitimate reasons to discount Dr. Vosler's opinion.

## V.

Based on the foregoing, we conclude that the ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence in the record. Therefore, **IT IS ORDERED AFFIRMING** the decision of the Commissioner denying disability benefits.

DATED this 17th day of June, 2013.

_Frederick J. Martone_

Frederick J. Martone
Senior United States District Judge